**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

In Re:

                               *

PETER J. IANNIELLO                      Case No: 10-13669
                               *          (Chapter 12)

       Debtors              *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>DEBTOR'S MOTION TO APPROVE SETTLEMENT WITH ERIC ORLINSKY</u>

PETER J. IANNIELLO, Chapter 12 DEBTOR ("Debtor"), by and through his attorney, Jeffrey P. Nesson, respectfully moves for an order approving the settlement with Eric Orlinsky. In support of this Motion, the Debtor states as follows:

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2).

2. On February 24, 2010 (the "Petition Date"), Debtors filed a voluntary Chapter 12 Petition, initiating this bankruptcy case. Ellen C. Cosby was appointed Chapter 12 Trustee.

3. The Debtor had filed suit in the United States District Court for the District of Maryland on March 11, 2010 ("Federal Litigation"). This suit was filed *pro se* against a number of entities including Mr. Orlinsky arising out of disputes regarding ownership of patents and conspiracy to deprive the Debtor of these patents. The Debtor had filed a similar suit in the Circuit Court for Baltimore City, which suit was proceeding poorly for the Debtor.

4. That the Federal Litigation has not proceeded past service on the various Defendants while negotiations have continued in efforts to resolve the litigation. The Debtor does not have the funds or wherewithal to proceed with counsel and his likelihood of success under these circumstances is quite small.

5.    The parties to this agreement wish to resolve the litigation by means of mutual releases and a dismissal of Mr. Orlinsky from the Federal litigation. .A copy of the settlement agreement is attached hereto as Exhibit A.

6.    The Debtor further believes that it would not be a good use of Estate resources to pursue this claim.

7.    Pursuant to Fed.R.Bankr.P. 9019(a), the Court may approve a settlement and compromise after notice if such settlement and compromise is "fair and equitable" and in the best interest of the estate. *See generally, U.S. ex. rel. Rahman v. Oncology Associates, P.C.*, 269 B.R. 139, 149 (D. Md. 2001); *DePoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994). Courts in this district have held that a determination whether to approve a settlement must involve consideration of the following factors:

> (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved (including the expense, inconvenience and delay necessarily attending the litigation); and (d) the paramount interest of the creditors and a proper deference to their reasonable views.

*Oncology Associates*, 269 B.R. at 149-50 (*citing Protective Committee for Independ. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, et al.*, 390 U.S. 414, 424, 88 S.Ct. 1157 (1968)). *See also In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493 (Bankr. S.D. N.Y. 1991). Observing that settlements are to be encouraged rather than discouraged, the Court in *Oncology Associates* determined that a settlement may be approved unless the settlement "falls below the lowest point in the range of reasonableness". *Oncology Associates*, 269 B.R. at 149 (*quoting W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), *cert. denied sub nom.*, 464 U.S. 822, 104 S. Ct. 89 (1983); *In re: Bowman*, 181 B.R. 836, 846 (Bankr. D. Md. 1995).

9    Compromises are favored by bankruptcy courts. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) ("compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise  rests in the sound  discretion  of  the  judge."). Rule 9019(a) of the Federal Rules of Bankruptcy

Procedure provides that "on motion by the trustee and after a hearing," the court may approve a compromise or settlement." The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. *In re Penn Cent. Transp. Co.,* 596 F.2d 1002, 1113 (3d Cir. 1979) ("in administering reorganization proceedings in an economical and practical manner, it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts"), quoting *In re Protective Comm. for Indep. Stockholders of TMT Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968).

10 The Debtor asserts that the proposed settlement satisfies the four-factor test enumerated by this Court in the *Oncology Associates* case. Litigating the competing claims asserted by each party would be complex and costly, and the outcome is uncertain.

11.    Pursuant to Local Bankruptcy Rule 9013-2, no separate memorandum of law in support of this motion will be filed, but the Debtor will rely solely upon the motion.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order granting this Motion to Approve Settlement with Eric Orlinsky upon the Court's order becoming final.

Respectfully Submitted,

 /s/ Jeffrey P. Nesson
Jeffrey P. Nesson
11421 Reisterstown Rd
Owings Mills, MD 21117
410-363-4488
410-363-9629 (f)
Neslaw1@aol.com
Attorney for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2011, a copy of the foregoing Debtor's Motion to Approve Settlement with Eric Orlinsky was served, electronically through the Court's CM/ECF transmission facilities, as authorized by Local Bankruptcy Rule 9013-4(a), on each party registered as a CM/ECF participant who consented to electronic

service and was also was mailed first class, postage prepaid to all creditors on the mailing matrix attached hereto dated May 15, 2011.

/s/ Jeffrey P. Nesson

Jeffrey P. Nesson 02512