## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

**THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE** (the "Agreement") is made this 18th day of January, 2011 (the "Effective Date") by and among Eric Orlinsky ("Orlinsky") and Peter Ianniello ("Ianniello") (collectively, the "Parties").

## RECITALS

**WHEREAS**, Ianniello filed a lawsuit in the United States District Court for the District of Maryland, Case No. 1:10 cv-00448-CCB against Orlinsky, among others, on February 24, 2010, making various claims for damages and equitable relief (the "Litigation");

**WHEREAS**, the Parties now desire to enter into this Agreement to settle and compromise all matters and issues in controversy relating to that Litigation and have agreed to do so as hereinafter provided;

**NOW, THEREFORE**, for good and valuable consideration, the sufficiency of which is hereby acknowledged, and in consideration of the promises contained herein, the Parties hereby agree as follows:

1.    **Incorporation of Recitals.**   The Recitals to this Agreement are hereby incorporated.

2.    **Filing of Dismissal of Litigation With Prejudice.**   Upon execution of the Agreement, and approval of this Agreement by the Bankruptcy Court, the Parties will execute the Stipulation of Dismissal with Prejudice attached hereto as Exhibit A and cause the immediate filing of the executed Stipulation of Dismissal with Prejudice in the Litigation.

3.    **No Admission of Liability.**   This settlement is a compromise of disputed claims in the Litigation; as such, the promises and/or other consideration made by the Parties herein are not to be construed as any admission(s) of liability on the part of the Parties by whom liability is expressly denied.

4.    **General Release by Ianniello in Favor of Orlinsky.**   Upon the Effective Date of this Agreement, Ianniello, for himself and for his trustees in bankruptcy, personal representatives, successors and assigns, hereby fully, finally and unconditionally remises, releases, acquits, quitclaims, exonerates and forever discharges Orlinsky, his respective agents, partners, assigns, attorneys, law firm, insurers, licensees, servants, regardless of form, trustees in bankruptcy or otherwise, and any other representative acting on behalf of, pursuant to, or by virtue of the rights of any of them, from any and all claims, demands, contracts, judgments, debts, agreements, covenants, liens, losses, obligations, actions, causes of action, suits in law or in equity, appeals, liabilities, costs, damages, and expenses, of whatever kind or nature, from the beginning of the world to the date hereof, whether known or unknown, which Ianniello now owns or holds or has, or at any time previously owned or held or had except for any obligations under this Agreement.

1078208.3 1/19/11

5. **General Release by Orlinsky in Favor of Ianniello.** Upon the Effective Date of this Agreement, Orlinsky, for himself and for his personal representatives, successors and assigns, hereby fully, finally and unconditionally remises, releases, acquits, quitclaims, exonerates and forever discharges Ianniello, his respective agents, assigns, attorneys, licensees, servants, predecessors and successors in interest, regardless of form, trustees in bankruptcy or otherwise, and any other representative acting on behalf of, pursuant to, or by virtue of the rights of any of them, from any and all claims, demands, contracts, judgments, debts, agreements, covenants, liens, losses, obligations, actions, causes of action, suits in law or in equity, appeals, liabilities, costs, damages, and expenses, of whatever kind or nature, from the beginning of the world to the date hereof, whether known or unknown, which Orlinsky now owns or holds or has, or at any time previously owned or held or had except for obligations under this Agreement.

6. **Incorporation into Bankruptcy Plan.** The terms of this Agreement, once it has been approved by the Bankruptcy Court, shall be expressly incorporated by Ianniello into any Plan filed by him.

7. **Miscellaneous**

A. Integration. This writing constitutes the complete, final and entire understanding of the Parties hereto, and they shall not be bound by any terms, covenants, conditions or representations not expressly contained in this Agreement.

B. Modification. This Agreement may not be modified or changed orally, but only by an agreement in writing signed by the party against whom enforcement of any such change is sought.

C. Construction. This Agreement shall be construed without regard to any presumption or other rule requiring construction against a party who caused it to have been drafted.

D. Counterparts. This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same Agreement. Facsimile or PDF signature is acceptable and binding and shall be construed as if an original signature.

E. Review of Agreement. Each of the Parties represents and warrants to the other that he, she or it has carefully read, and was afforded reasonable opportunity to have the contents and legal effect hereof explained fully by legal counsel of choice; and that each party has the power and authority to execute this Agreement and does so as his, her or its own free act. The Parties further represent and state that no promise or inducement has been made or offered except as is set forth in this Agreement and no party has the right to, nor does, rely on any prior statements of any kind in agreeing to or executing this Agreement.

F. Choice of law. This Agreement and its substance shall be governed by and interpreted according to the laws of the State of Maryland.

G.    Other documents.    Each party shall, on the demand of the other party, execute any other document or instrument and do or cause to be done any other act that may be reasonably necessary or convenient to carry out the intents and purposes of this Agreement.

H.    No Assignment.    The Parties represent and warrant that no matter released or discharged pursuant to this Agreement has been previously assigned or transferred to any person or entity.

AS WITNESS WHEREOF, the Parties hereto have executed this Agreement on the date and year first written above.

**Peter Ianniello**                                    **Eric Orlinsky**

Jan 18, 2011                                          1/19/11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| PETER J. IANNIELLO | * | |
| | * | |
| | * | CASE NO. 1:10 cv 00448 (CCB) |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| TENAX CORPORATION, INC. *et al.* | * | |
| | * | |
| Defendant. | * | |
| | * | |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Peter J. Ianniello ("Ianniello") and Defendant Eric Orlinsky ("Orlinsky") hereby jointly stipulate to a dismissal with prejudice as to all claims made by Ianniello against Orlinsky in the above-referenced matter. Ianniello and Orlinsky have reached a settlement providing for the entry of this Stipulation of Dismissal with Prejudice, and no further hearing or determination by the Court is necessary. Orlinsky and Ianniello shall each bear his own costs, expenses and attorneys' fees arising out of this matter.

Respectfully submitted,

/s/

Daniel R. Chemers (Bar # 01521)
dchemers@saul.com
Erika E. Rose (Bar # 26890)
erose@saul.com
SAUL EWING LLP
500 East Pratt Street
Baltimore, MD 21201
410-332-8600

Attorneys for Defendant Eric Orlinsky

/s/

_____

Peter Ianniello, *pro se*
2000 Level Road
Havre de Grace, MD 21078
peter.j.ianniello@gmail.com
410-937-2687

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ th day of December, 2010, I served a copy of the foregoing Stipulation of Dismissal with Prejudice to Plaintiff Peter Ianniello, electronically (by agreement) to the following e-mail address:

peter.j.ianniello@gmail.com

/s/

_____

Erika E. Rose

2