IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In Re:                                             *

                                                   *                    _____

                                                   *    Chapter 12

Peter J. Ianniello

                                                   *    Case #10-13669

            Debtor                                 *

## THIRD AMENDED CHAPTER 12 PLAN

The following is the Chapter 12 plan proposed by the above-named debtor(s).

**THE SOLE CHANGE TO THIS PLAN IS TO CORRECT THE CONFIRMATION HEARING DATE BELOW AND A TYPOGRAPHICAL ERROR IN PARAGRAPH 5A.**

TAKE NOTICE: Your rights may be affected. You should read the plan carefully, including any motions contained in the plan, and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.
If you do not want the Court to confirm the proposed plan of the debtor(s), including any of the motions included in the plan, or if you want the court to consider your views on these matters, then you or your attorney must file with the Court a written objection to confirmation and request for hearing on confirmation at one of the following address:

Clerk United States Bankruptcy Court 8th Fl 101 W. Lombard St, Baltimore, Md 21201
Your objection to confirmation and request for hearing must include the specific reasons for your objection,

### NOTICE OF HEARING

**A Hearing will be held on May 25th, 2011, at 2:00 a.m. in United States Bankruptcy Court, Courtroom 9 C located at101 W. Lombard St, Baltimore, MD .**

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the debtor(s), including any motions contained in the plan, and may enter an order confirming the plan and granting the motions. Any creditor's failure to object to confirmation of the proposed plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1225(a)(5)(A).

**STANDING STAY MODIFICATION**: The automatic stay provided in 11 U.S.C. § 362(a) is modified in Chapter 12 cases as follows: Affected secured creditors may contact the debtor about the status of insurance coverage on property used as collateral. If there are direct payments to creditors, affected secured creditors may contact the debtor in writing about any payment in default; and shall send to the debtor statements, payment coupons or

other correspondence that the creditor sends to its non-debtor customers. Such actions do not constitute violations of 11 U.S.C. § 362(a).

1. FUNDING THE PLAN:

The debtor shall pay to the Chapter 12 Trustee the amount of $ 549   monthly for the payment of administrative, unsecured priority, and unsecured claims. This plan shall last a period of 60  months from the date of filing the petition. The debtor shall use the ongoing income from his vineyard operation (Mt Felix, LLC)  and second income from <u>Chinango Contracting, Inc</u>  operation to pay these payments.

2. Administrative Costs

   a. Attorney's Fees. The attorney for the debtor(s) has received $   5000 .00    The Attorney shall file fee petitions as appropriate and shall be paid within 30 days of Court approval.

   b. Trustee's Costs. The trustee shall be entitled to reimbursement of fees and costs up to 10% on each disbursement made by the trustee, regardless of whether it is paid prior to or following confirmation.

   c. Administrative claims and unsecured priority claims shall be treated equally and will be paid on a pro rata basis before unsecured claims.

3. Filing of Proofs of Claim

   a. The trustee shall only distribute payments, including adequate protection payments, to creditors who have actually filed proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. Section 502(a). However, if a creditor does not file a timely proof of such creditor's claim, then either the debtor(s) or the trustee may file such a claim as provided for by 11 U.S.C. Section 501(c) and in that event such claim shall be deemed the claim for all purposes under the plan.

   b. The trustee shall mail payments and provide notices to the address provided on the filed proof of claim or amended proof of claim or filed name or address change or assignment or transfer of claim filed with the Court

### CLASSIFICATION AND TREATMENT OF CLAIMS

4. PRIORITY CLAIMS.

All claims entitled to priority under 11 U.S.C. Section 507 and 1222 shall be paid in full in deferred cash payments, except for priority claims under Section 507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

a. Domestic Support Obligations ("DSOs")

All postpetition DSOs, including postpetition DSOs assigned to a governmental unit, will be paid directly to the holder by the debtor(s) or to the assignee of the claim and not through the Chapter 12 Trustee unless otherwise specified under the "Special Terms" section of the plan.

   i. None –There are no DSO claims in this case.

b. Priority Claims Other Than DSOs

   All priority claims other than DSOs shall be paid in full on a pro rata basis.

 i. [ ] None
 ii. The names and amounts of all claims entitled to priority under 11 U.S.C. Section 507, other than DSOs:

Name   Claim Amount
NONE

5. SECURED CLAIMS

   Other than secured claims that are to be paid as long-term debts pursuant to 11 U.S.C. Section 1222(b)(5), or that are to be paid directly by the debtor(s), the trustee shall pay the value of all allowed secured claims, on a pro rata basis in monthly amounts sufficient to provide adequate protection.

   a. For purposes of the plan, the treatment of each claim is specified below. Treatment shall be one of the following: (1) Direct payment by the debtor(s): "Direct"; (2) Payment in full by the Chapter 12 Trustee through the plan where Section 506(a) does not apply: "910/365"; (3) Payment of the value of the collateral by the Chapter 12 Trustee through the plan where Section 506(a) does apply: "As valued"; (4) Debtor(s) will surrender the collateral: "Surrender", or (5) File proceeding to determine validity of lien: "Avoidance."


   JPMorgan Chase asserts a secured claim in the approximate amount of $1,109,389.85, and holds as collateral for this note a first-priority lien and deed of trust is certain real estate known as 2000 Level Rd containing the Debtor's Winery and residence. This class will be impaired.

   Class 5A Treatment : JPMorganChase claim shall be bifurcated into a secured claim in the amount of $850 000 and an unsecured claim in the amount of any balance asserted by JPMorganChase against the Debtor in excess of $850000. As to the secured portion of creditor's claim, ~~Bank of Hampton Roads~~ **JPMorgan Chase** shall retain its lien pursuant to § 1225(a)(5) of the Bankruptcy Code until this claim is paid in full. The Debtor shall amortize the allowed secured claim of this creditor by way of annual payments over a period of 300 months at the annual interest rate of 3.50%. The first payment shall be due on the first day of the first full month following the Effective Date; remaining payments shall be made annually on the first day of such thereafter until this obligation is paid in full. For feasibility purposes the annual payment to this creditor is estimated at $51063.60

   The unsecured portion of JP MorganChase' claim shall be treated as an unsecured claim in accordance with the treatment proposed for the holders of General Unsecured Claims.

The Debtors shall have a period of twenty (20) days to cure any plan payment not made upon the due date, such cure period to begin the second day of any month during which a payment is due and not paid and continuing for 20 days thereafter. Upon the Debtors' failure to cure any delinquent payment, JP MorganChase shall be entitled to seek relief from the automatic stay in order to exercise any and all state law remedies she may deem appropriate.

The Debtors shall execute such loan documentation as Bank of Hampton Roads may reasonably require to reflect this treatment.

This Class is IMPAIRED.

**Class 5B. Specialized Loan Services**. Specialized Loan Services asserts a secured claim in the approximate amount of $302454, and holds as collateral for this note a second-priority lien and deed of trust is certain real estate, known as 200 Level Rd. . This class will be impaired.

Class 5B Treatment: In accordance with the provisions of 11 U.S.C. § 506(d), the Debtors shall avoid the deed of trust securing this claim as there is no equity in the subject property to support it. This claim shall be therefore treated as a General Unsecured Claim.

To the extent that any of the claims referred to above are secured by mortgage loans on real property, and such claims are scheduled to be paid by the Trustee, then and in that event the Debtors will no longer be making any mortgage payments to any of the designated mortgage servicers and/or their successors and assigns and all such entities are hereby authorized to provide account information to the Chapter 12 Trustee.

b. For secured claims to be paid directly by the debtor(s), state below the amount of prepetition arrearages to be paid through the Chapter 12 Trustee:

| Creditor | Collateral | Pre-pet. arrearage | Int. Rate. |
|---|---|---|---|
| USAA (car loan) | | -0- | |

If the treatment option for secured claims is "Surrender", the debtor(s) surrenders any interest in the collateral securing the claims of the specified creditors. Upon confirmation, the automatic stay will be deemed lifted for the collateral and the creditor need not file a motion for relief from stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-debtor(s) stay, or to abrogate the debtor(s)' state law contract rights.

6. General Unsecured Claims Not Separately Classified.

General unsecured claims shall be paid on a pro rata basis with

payments to commence after the payment of all administrative, secured and priority unsecured claims in full.

      7. Special Terms
  a. [ ] None
  b. Special Treatment of Unsecured Claims
 c. Other Special Terms
      8. Plan Motions:
         The Debtor has previously filed Motions to Value which have been resolved.

      8.  General Provisions

   a. To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

   b. Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

    c. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

    d. If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

   e.  Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code. All property of the debtor remains vested in the estate until completion of the plan.

   f. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments

received from the trustee on the prepetition arrearages, if any, only to such arrearages; to deem the prepetition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i). See Local Rule 4001-1(e).

   g.  All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 12 case.

   h.  Except as provided in the Plan, the Order Confirming Plan vests all property of the estate of the Debtors free and clear of all liens and encumbrances.

   i.  The Court shall retain jurisdiction over the Debtors and their property for the term of the Plan.

   j.  The Debtors shall have the right to grant security interests in crops for his vineyard operation. In addition, the Debtors may, upon approval of the Court, after appropriate Notice and hearing, grant a deed of trust on real property or a security interest in personal property for the purpose of obtaining necessary financing subject to the provisions of 11 U.S.C. § 364. In addition, Debtors may grant security interests in proceeds from the sale of crops for future advances of credit up to $75,000, without Court Orders.

   **9.  Discharge**

Upon the Debtors' compliance with the provisions of the Plan for the term of the Plan, the Court shall enter an Order of Discharge, which discharges the Debtors from all claims provided for in the Plan except as provided in 11 U.S.C. § 1222(b)(5) and (9) and 11 U.S.C. § 523(a).

I declare under penalty of perjury that the information provided in the Chapter 12 Plan, as to all matters set forth herein are true and correct.

   /s/ Peter J. Ianniello
   Peter J. Ianniello

**CERTIFICATE OF SERVICE**

        I hereby certify that a copy of the 2nd Amended Chapter 12 Plan was mailed on the 17th day of May, 2011 to all creditors on the attached mailing matrix dated 5.15.11, and to the Chapter 12 Trustee by first class mail, postage prepaid. (Unless noticed by ECF)

        /s/ Jeffrey P. Nesson
        Jeffrey P. Nesson